UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES WANG,

    Petitioner,

vs.

TANYAN SMITH; JUDGE KENNETH SHAPIRO; ADMIR ALUM, Assistant District Attorney; and Officer ZEN,

    Respondents.

No. C 08-2692 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

    Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

    Petitioner alleges that his conviction was reversed in part and affirmed in part by the California Court of Appeal, and that his attempt to petition for review by the California Supreme Court failed because his mail did not get through to the court. Pet. at 3, (unnumbered) 7. He also has left blank the portion of the form petition that asks if he has filed any other proceedings other than the appeal and, if so, what they were. *Id.* at 4-5. A

review of the California Supreme Court's website reveals no cases by petitioner.

Although one of petitioner's claims is that he was prevented from appealing to the California Supreme Court, which if true would have prevented him from exhausting his claims by way of direct appeal, he does not provide any reason why he could not have exhausted by way of state habeas petitions.[1]  It thus appears he has not complied with the exhaustion requirement.  Unless he can show that he has done so, or provide a basis for avoiding the requirement, this case must be dismissed.

Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust.  If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated:  August 5, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\WANG2692.OSC-P.wpd

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals.  *See id.*  If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court*.  See id.* at n.3.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES WANG,

        Plaintiff,

  v.

TANYAN SMITH, et al.,

        Defendant.

Case Number: CV08-02692 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Wang 08033629
DUH740
701 S. Abel Street
Milpitas, CA 95035

Dated: August 5, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk